**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

IN RE:    ETHICON, INC.,
             PELVIC REPAIR SYSTEM
             PRODUCTS LIABILITY LITIGATION       MDL No. 2327

THIS DOCUMENT RELATES TO:

*Dever v. Ethicon, Inc., et al.*                              Civil Action No. 2:14-cv-25044

**MEMORANDUM OPINION AND ORDER**

      Pending before the court is a Motion to Dismiss with Prejudice filed by Ethicon, Inc., and Johnson & Johnson (collectively "Ethicon"). [Docket # 10]. Plaintiff has responded, Ethicon has replied, and I have considered the parties' filings.

      Ethicon's Motion arises from this court's Order [Docket # 8], entered on June 17, 2015, denying Ethicon's Motion for Sanctions, including monetary penalties, dismissal and any other sanction deemed appropriate by the court, for failure to file a Plaintiff Profile Form ("PPF") in compliance with Pretrial Order # 17 [Docket # 5]. In reaching this decision, I relied on *Wilson v. Volkswagen of America, Inc.*, 561 F.2d 494 (4th Cir. 1977), in which the Fourth Circuit identified four factors that a court must consider when reviewing a motion to dismiss on the basis of noncompliance with discovery. (*See* Order [Docket # 8], at 3–6 (applying the *Wilson* factors to Ms. Dever's case)).[1] Concluding that the first three factors weighed in favor of sanctions as

---

[1] The *Wilson* factors are as follows:

> (1) Whether the noncomplying party acted in bad faith; (2) the amount of prejudice his noncompliance caused his adversary, which necessarily includes an inquiry into the materiality of the evidence he failed to produce; (3) the need for deterrence of the particular sort of noncompliance; and (4) the effectiveness of less drastic sanctions.

*Mut. Fed. Sav. & Loan Ass'n v. Richards & Assocs., Inc.*, 872 F.2d 88, 92 (4th Cir. 1989) (citing *Wilson*, 561 F.2d at 503–06).

requested by Ethicon, I nevertheless declined to award the requested sanction of $100 for each day the plaintiff's PPF was late because it would offend the court's duty under *Wilson's* fourth factor, which is to consider the effectiveness of lesser sanctions. In recognition of this duty, I gave the plaintiff "a final chance to comply with discovery." (*Id.* at 7). I afforded her 30 business days from the entry of the Order to submit to Ethicon a completed PPF, with the caveat that a failure to do so "will result in dismissal with prejudice upon motion by the defendant." (*Id.*).[2] Despite this warning, Ms. Dever has again refused to comply with this court's orders and did not provide Ethicon with her PPF within the 30-day period. Consequently, Ethicon moved to dismiss the case with prejudice.

Because the less drastic sanction instituted against Ms. Dever has had no effect on her compliance with and response to this court's discovery orders, which she has continued to blatantly disregard, I find that dismissal with prejudice is now appropriate. For the reasons explained in my June 17, 2015 Order [Docket # 8], Ethicon's Motion to Dismiss with Prejudice [Docket # 10] is **GRANTED**. This case is **DISMISSED with prejudice**. The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: September 10, 2015

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE

---

[2] I also ordered plaintiff's counsel to send a copy of the order to the plaintiff via certified mail, return receipt requested, and file a copy of the receipt (*id.* at 7), and counsel has complied [Docket # 9].